# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-1825 PA (KKx) | Date | September 24, 2019 |
|---|---|---|---|
| Title | Suzi Harb v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Claudia Contreras (collectively "Defendants"). In their Notice of Removal, Defendants assert that this Court has jurisdiction over the action brought against them by plaintiff Suzi Harb ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

## I. Background

Plaintiff filed a complaint in Riverside County Superior Court on August 15, 2019. The Complaint alleges claims arising out of the termination of Plaintiff's employment from Wells Fargo as a Premier Banker following what Wells Fargo characterizes in the Notice of Removal as a lengthy workers' compensation leave of absence. The Complaint alleges claims against Wells Fargo and Claudia Contreras, Plaintiff's former branch manager, for: 1) disability discrimination; 2) perceived disability discrimination; 3) failure to prevent and/or investigate discrimination; 4) retaliation; 5) failure to provide reasonable accommodation; 6) failure to engage in the interactive process; 7) wrongful termination in violation of public policy; 8) interference with and failure to provide CFRA leave; 9) discriminatory termination and retaliation in violation of the CFRA; 10) declaratory and injunctive relief; 11) intentional infliction of emotional distress; and 12) negligent infliction of emotional distress. According to the Complaint, Ms. Contreras is named as a defendant in the eighth claim for interference with CRA leave, ninth claim for discriminatory termination and retaliation in violation of the CFRA, tenth claim for declaratory and injunctive relief, eleventh claim for intentional infliction of emotional distress ("IIED"), and twelfth claim for negligent infliction of emotional distress.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 19-1825 PA (KKx) | Date | September 24, 2019 |
| Title | Suzi Harb v. Wells Fargo Bank, N.A., et al. | | |

## II. Legal Standard

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Wells Fargo must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-1825 PA (KKx) | Date | September 24, 2019 |
|---|---|---|---|
| Title | Suzi Harb v. Wells Fargo Bank, N.A., et al. | | |

do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

**III. Analysis**

In its notice of Removal, Wells Fargo asserts that Plaintiff is a citizen of California, it is a citizen of South Dakota, and the California citizenship of Ms. Contreras should be disregarded because she is fraudulently joined. Specifically, according to Wells Fargo, the CFRA claims alleged against Ms. Contreras fail as a matter of law because she is a supervisor rather than the "employer" and therefore falls outside the scope of the CFRA. See Cal. Gov. Code § 12945.2(c)(2) (defining "employer" as "[a]ny person who directly employs 50 or more persons to perform services for a wage or salary"). Wells Fargo additionally contends that Ms. Contreras is fraudulently joined as a defendant for purposes of the IIED and negligent infliction of emotional distress claims because those claims are barred by the exclusive remedy provisions of the Workers' Compensation Act. If there is "a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand." Mireles, 845 F. Supp. 2d at 1062 (brackets in original) (quoting Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002)). It is true that, as Wells Fargo contends, workers' compensation generally provides the exclusive remedy for wrongful conduct occurring at the worksite, including claims of IIED. See Miklosy v. Regents of Univ. of Cal., 188 P.3d 629, 645 (Cal. 2008). However, exceptions to this rule exist for conduct that contravenes fundamental public policy and for conduct that exceeds the risks inherent in the employment relationship. See id. at 645-46 (discussing Livitsanos v. Superior Court, 828 P.2d 1195 (Cal. 1992)). Wells Fargo addresses only the former exception; it does not even attempt to argue that the latter is inapplicable here. (See Notice of Removal ¶ 13.)

The Court finds that Wells Fargo has not met the "heavy burden of persuasion" that there is no possibility that Plaintiff may prevail on her IIED claim against Ms. Contreras. See Plute,

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-1825 PA (KKx) | Date | September 24, 2019 |
|---|---|---|---|
| Title | Suzi Harb v. Wells Fargo Bank, N.A., et al. | | |

141 F. Supp. 2d at 1008.  "Some courts after Miklosy have found that IIED claims based upon alleged discrimination do fall outside the normal course of an employer-employee relationship and thus are not barred by the [Workers' Compensation] Act's exclusivity provisions." Zolensky v. Am. Medflight, Inc., No. 2:16-cv-00788-KJM-KJN, 2017 WL 1133926, at *7-8 (E.D. Cal. Mar. 27, 2017) (finding that the exception did not apply in that case because the plaintiff did not allege discrimination based on race, religion, age, gender, or the like); see Vanderhule v. Amerisource Bergen Drug Corp., No. SACV 16-2104 JVS (JCGx), 2017 WL 168911, at *4 (C.D. Cal. Jan. 17, 2017) (stating that "California district courts have generally not applied Miklosy to discrimination claims" and collecting cases); id. ("[C]ourts have held that IIED claims are not preempted by the Workers Compensation Act when they involve separate discrimination claims, such as allegations that an employer discriminated against the plaintiff by refusing to provide medical leave for a disability.").  Here, Plaintiff asserts in her IIED claim that each as a "result of defendants' extreme and outrageous conduct, Plaintiff has suffered severe mental and emotional pain and anguish, distress, discomfo1t, humiliation, and emotional distress . . . ." (Compl. ¶ 132.)  Plaintiff's claim thus may not be precluded by the Workers' Compensation Act.  See, e.g., Onelum v. Best Buy Stores L.P., 948 F. Supp. 2d 1048 (C.D. Cal. 2013) ("Plaintiff's intentional infliction of emotional distress claim is based on the allegation that Defendant Nersissian repeatedly threatened to terminate him, while also disparaging his accent.  Defendants have failed to show that Plaintiff's claim is impossible as a matter of California law.  Specifically, Defendants have not shown whether Defendant Nersissian's acts are within the 'normal risks' of the employment relationship or the fundamental public policy of California.  To the contrary, the Ninth Circuit has held that racial discrimination is not a 'normal part' of the workplace.").

To the extent that Plaintiff's allegations currently do not fall within an exception to the Workers' Compensation Act's exclusivity provisions or are deficiently pled, the Court cannot conclude, on this record, that Plaintiff would not be afforded leave to amend her Complaint to state a viable claim against Ms. Contreras.  See Padilla, 697 F. Supp. 2d at 1159; see also Maciel v. Signature Flight Support Corp., No. 2:14-cv-03403-CAS (Ex), 2014 WL 2472309, at *3 (C.D. Cal. June 2, 2014) ("[A]n exception to [preemption] exists if the conduct underlying the IIED claim 'contravenes fundamental public policy.'  Such 'fundamental public policy' must have a 'basis in either constitutional or statutory provisions.'  Here, it is possible that plaintiff will be able to amend her complaint to allege a basis for an IIED claim that contravenes a 'fundamental public policy.'" (citations omitted)); Birkhead v. Parker, No. C 12-2264 CW, 2012 WL 4902695, at *3 (N.D. Cal. Oct. 15, 2012) ("Even if these allegations do not rise to the level of outrageous conduct [to support an IIED claim], Defendants cannot establish that Plaintiff would not be able to amend the complaint to allege any viable claim against Parker under California law. . . .  The

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-1825 PA (KKx) | Date | September 24, 2019 |
|---|---|---|---|
| Title | Suzi Harb v. Wells Fargo Bank, N.A., et al. | | |

defendant seeking removal based on fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant, but must show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant."). As a result, the Court finds that Wells Fargo has failed to meet its burden to establish that Ms. Contreras has been fraudulently joined. Because the Court cannot ignore the citizenship of Ms. Contreras, and both she and Plaintiff are citizens of California, the Court does not possess diversity jurisdiction over this action.

## Conclusion

For the foregoing reasons, Wells Fargo has not met its burden of establishing the Court's diversity jurisdiction. Accordingly, the Court remands this action to Riverside County Superior Court, Case No. RIC1904280. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.